12-1295-cr
United States v. Bourque

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand thirteen.

PRESENT:  BARRINGTON D. PARKER,
          RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

                     *Appellee*,

              v.                         No. 12-1295-cr

DAVID L. BOURQUE,

                     *Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:     RICHARD ROY BROWN, Brown Paindiris & Scott, LLP, Hartford, CT.

FOR APPELLEE:      RAYMOND F. MILLER, Assistant United States Attorney (Robert M. Spector, Assistant United States Attorney, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant David Bourque appeals from a sentence of 120 months' incarceration and 120 months' supervised release, imposed after he pleaded guilty pursuant to a written plea agreement to receipt and distribution of child pornography. Bourque argues that his sentence was substantively unreasonable because (1) the District Court's methodology was inconsistent with 18 U.S.C. § 3553 and our holding in United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010), (2) the District Court improperly compared Bourque's case to ones involving simple possession, and (3) the District Court failed to give appropriate weight to mitigating evidence. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

When reviewing a District Court's sentence for substantive reasonableness, we will reverse "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted). In Dorvee, we recognized that United States Sentencing Guidelines § 2G2.2, which applies to Bourque's offense, is an "eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results." 616 F.3d at 188. We therefore apply particular scrutiny to sentences based on Guidelines § 2G2.2.

Although Bourque does not dispute that the District Court correctly calculated the Guidelines range of 210 to 240 months' imprisonment, he maintains that the District Court improperly assumed that this was a reasonable starting point to use for calculating the downward departure based on the Government's motion pursuant to Sentencing

Guidelines § 5K1.1.  Here, the District Court acknowledged our observation in Dorvee that § 2G2.2 must be applied with great care.  Id. at 188.  After carefully reviewing each sentencing enhancement, the District Court determined that each was applied appropriately in Bourque's case based on the nature of his conduct; it refrained from automatically applying enhancements merely because they technically applied under the Guidelines.  For example, the District Court concluded that the enhancement for possessing 600 or more images was applied appropriately because Bourque possessed an "extraordinary" 22,282 images and 4,059 videos, and that the enhancement for possession of material that portrays sadistic or masochistic conduct was appropriate because Bourque had actively sought out videos depicting the rape of children.  The District Court conducted similarly careful analyses of each enhancement to ensure that Bourque's conduct truly merited the enhancements.

Thereafter, the District Court noted that there was "room for argument" about whether the Guidelines range was appropriate based only on the base offense level and enhancements.  Nevertheless, it found that there were several aggravating factors that were not accounted for in the Guidelines calculation.  Specifically, the District Court found that Bourque used knowledge gained from his law enforcement experience to avoid detection and to help others avoid detection, and that he knew the horrific consequences for children depicted in child pornography based on his experience as a police officer investigating these very crimes.  The District Court also pointed out that, in his capacity as a law enforcement officer, Bourque had asked an FBI Special Agent questions about the various difficulties the FBI had encountered in infiltrating the online platform Bourque himself was using to trade child pornography, conduct the District Court described as "nothing short of outrageous."

On this record, we find no error where, after carefully considering the § 3553 factors, the applicability of various sentencing enhancements, and aggravating factors not

3

accounted for by any enhancement, the District Court concluded that the Guidelines Range of 210 to 240 months was appropriate, and then applied a downward departure based on the Government's motion pursuant to Guidelines § 5K1.1, resulting in a non-Guidelines sentence of 120 months' imprisonment.

Bourque also argues that the District Court improperly compared his case to cases involving mere possession, rather than receipt and distribution, of child pornography. We reject the argument. The District Court's discussion of four post-Dorvee child pornography possession cases in which it had imposed sentence further evidenced the District Court's understanding of the enhanced scrutiny warranted for sentences based on § 2G2.2. Indeed, in each of those cases, the District Court imposed non-Guidelines sentences because it found that the enhancements in § 2G2.2 were not appropriate. By contrast, the District Court explained that Bourque's case is "well outside the heartland of the cases involving first-time offenders who have been convicted of receipt and distribution . . . because it involves . . . much more serious conduct and involves a much higher degree of culpability." The District Court's comparison of Bourque's case to these prior cases was not error, because § 2G2.2 applies to both possession offenses and receipt and distribution offenses, and the District Court's explanation demonstrated that it carefully considered the individual circumstances of Bourque's case.

Finally, Bourque argues that the District Court did not give proper weight to his mitigation evidence. We reject this argument as well. Rather than concluding that Bourque's 30-year career as a police officer was a mitigating factor, the District Court regarded it as an "aggravating" factor because Bourque used his knowledge as an officer to facilitate his crimes and because "as a law enforcement officer who had investigated" child pornography offenses, Bourque, "more than the average citizen and more than the typical offender, had an exposure to the horrific consequences for the long-lasting physical and psychological harm to the children depicted in the[] images." Moreover, the

District Court considered Dr. Lothstein's report regarding Bourque's post-traumatic stress disorder and was "not satisfied that Dr. Lothstein has established a nexus between the commission of the offense and the conditions that he identifies."

"If the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." United States v. Fernandez, 443 F.3d 19, 34 (2d Cir. 2006). We have no reason to conclude that the District Court failed to give appropriate weight to Bourque's mitigating evidence.

We have considered Bourque's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5